**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re: DIANA D'ANGELO,

                                    Chapter 7
                                    Case No. 09-18208 (RTL)

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

JOSEPH I. WINDMAN, Esq.
Attorney for Debtor

ANNE MILGRAM, Esq.
Attorney General of New Jersey
By: STACY-ANN T. DAVY, Esq.
Deputy Attorney General
Attorneys for New Jersey Bureau of Securities

**RAYMOND T. LYONS, U.S.B.J.**

**INTRODUCTION**

      The New Jersey Bureau of Securities ("The Bureau") has a pending action in state court against the Debtor seeking disgorgement of the proceeds of securities fraud. The Debtor has not been accused of participating in the fraud, but of receiving the financial benefit of the fraud. Because the court finds that a state action seeking the disgorgement of fraudulent proceeds furthers an important public purpose, the action is excepted from the automatic stay under the police power exception of Section 362(b)(4) of the Bankruptcy Code.

**JURISDICTION**

This court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court.  This is a case and core proceeding that may be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(1) and (2)(G) concerning a motion to determine whether The Bureau's action against the Debtor is excepted from the automatic stay.

## **FACTS**

The Bureau commenced an action in the Superior Court of New Jersey against the Debtor's husband, his company, and other individuals alleging violations of the state securities law by operating a Ponzi scheme.  The only relief sought against the Debtor is disgorgement of the proceeds of the violation under the equitable doctrine of unjust enrichment.  In the parlance of civil securities actions, the Debtor is called a "relief defendant" as distinguished from those accused of wrongdoing who are referred to as "primary defendants".  The Bureau seeks disgorgement of in excess of $600,000.   Just prior to the start of trial, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on April 1, 2009.  The Debtor asserted that the state court matter could not go forward in light of the automatic stay of Section 362(a) of the Bankruptcy Code that stays all actions against the Debtor.  Despite the argument by the Bureau that its disgorgement claim was excepted from the automatic stay by Section 362(b)(4), the state court declined to allow the case to go forward against the Debtor.  It dismissed the action without prejudice "subject to reinstatement upon Motion by the Plaintiff after permission is obtained from the Bankruptcy Court."

**DISCUSSION**

The Bureau maintains that its disgorgement action is excepted from the automatic stay under section 362(b)(4) of the Bankruptcy Code as an exercise of the State's police power.[1] That subsection provides:

> (b) The filing of a petition . . . does not operate as a stay.
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power,

11 U.S.C. § 362(b)(4). However, not all litigation brought by a government is covered by the police power exception. Actions that are primarily directed to the state's pecuniary interest or that do not effectuate public policy are not excepted from the automatic stay. *See In re University Medical Center*, 973 F.2d 1065, 1075 (3d. Cir. 1992) ("Neither the language of section 362(b) nor its legislative history indicates that this exception was intended to permit government agencies to enforce contractual rights against a debtor without first seeking relief from the automatic stay.") In another case, the Third Circuit wrote:

> In *Edward Cooper Painting*, the court discussed the pecuniary interest/public policy analysis used to gauge whether the NLRB's action was exempt from the automatic stay. The pecuniary

---

[1] The Debtor argues that the state court has determined that the police power exception to the automatic stay does not apply to the Bureau's suit against the Debtor. The order entered by the state court provides: "The Plaintiff may seek permission from the Bankruptcy Court, by way of motion or other procedure, for an exemption from the aforementioned automatic stay and may request the Bankruptcy Court to allow the current matter to be reinstated against Defendant Diana D'Angelo." It is evident that the state court has not made a final determination on the applicability of the police power exception, despite the reservations expressed by the judge in declining to proceed with trial.

> purpose test asks whether the governmental proceeding relates principally to the protection of the government's pecuniary interest in the debtor's property, rather than to its public policy interest in the general safety and welfare. *See Edward Cooper Painting,* 804 F.2d at 942. In the former situation, the action is not exempt from the stay. Thus, the exemption in Section 362(b)(4) did not apply to a governmental unit's suit for breach of contract in *Corporacion de Servicios Medicos Hospitalarios de Fajardo v. Mora,* 805 F.2d 440 (1st Cir. 1986).

*U.S. v. Nicolet, Inc.*, 857 F.2d 202, 209 (3d Cir. 1988).

In an analogous situation, the Third Circuit has held that a civil forfeiture proceeding by a state is excepted from the automatic stay under Section 362(b)(4). *James v. Draper (In re James)*, 940 F.2d 46, 49-52 (3d Cir. 1991). Civil actions seeking disgorgement from wrongdoers of proceeds of securities violations under a theory of unjust enrichment have been held excepted from the automatic stay by Section 362(b)(4) because they serve as a deterrent to future violators, and are designed to make securities law violations unprofitable. *SEC v. Towers Financial Corp.*, 205 B.R. 27 (S.D.N.Y. 1997). Bankruptcy should not be a haven for wrongdoers. *Id.* The fact that this debtor is not a wrongdoer, but allegedly the recipient of financial benefit from the fraud, does not alter the analysis that a disgorgement remedy fosters the public purpose behind the state's securities law.

Here the state seeks disgorgement from the Debtor not to recover damages suffered by the state but to recapture the funds that were lost by the victims of the securities fraud and any ill-gotten gains under an equitable principle of unjust enrichment. The Attorney General has explained that any money collected will first be refunded to victims and the balance forfeited to the Bureau. Recovering proceeds of ill-gotten gains through disgorgement fosters the policy evident in the state's securities laws of protecting the public from unscrupulous actors and

maintaining the integrity of the securities markets. *See SEC v. Rind*, 991 F.2d 1486, 1491 (9th Cir. 1993). ("Disgorgement plays a central role in the enforcement of the securities laws. . . . By deterring violations of the securities laws, disgorgement actions further the Commission's public policy mission of protecting investors and safeguarding the integrity of the markets.") Thus, the Bureau's disgorgement action against the Debtor as a relief defendant passes both the pecuniary interest and public purposes tests and is excepted from the automatic stay by Section 362(b)(4).

The United States District Court for the Southern District of Ohio reached the same conclusion in the case *SEC v. Smith*, No. C2-CV-04-739, 2005 WL 2875546 (S.D. Ohio 2005). In that case, the relief defendant was a corporation that filed a petition under chapter 7 before the disgorgement action had been completed. The Debtor is this case argues that her case is distinguishable from the *Smith* case because unlike the instant Debtor, a corporate debtor cannot receive a discharge in a chapter 7 case. 11 U.S.C. § 727(a)(1). In her brief and at oral argument, the Debtor maintained that the Bureau's claim against her is dischargeable; the implication is that because the case is currently a no-asset case, the Bureau's efforts would ultimately be stymied by the discharge. Though the Bureau did not dispute this, that position is doubtful since Section 523(a)(19) excepts from discharge debts arising out of violations of the securities laws.[2]

---

[2] Section 523(a)(19) provides that a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt:
(19) that—
(A) is for—
(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

That section has recently been applied to a securities claim against a relief defendant accused of no wrongdoing. *SEC v. Sherman*, No. CV 08-2517 CAS, 2009 WL 1371404 (C.D. Cal. 2009). Notably, the *Sherman* opinion remarked in passing that the disgorgement action had continued against the debtor despite his bankruptcy filing because Section 362(b)(4) excepted it from the automatic stay.

## **CONCLUSION**

The Bureau's action against the Debtor seeking disgorgement of the benefits from a securities fraud is excepted from the automatic stay by Section 362(b)(4) as an exercise of the state's police power, even though the Debtor is not accused of violating the securities laws herself.

Dated: August 14, 2009            **/S/Raymond T. Lyons**
                                  United States Bankruptcy Judge

---

(B) results, before, on, or after the date on which the petition was filed, from—
(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
(ii) any settlement agreement entered into by the debtor; or
(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.